BEAM, Circuit Judge.
These consolidated cases involve claims brought under the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601 et seq., related to the plaintiffs’ mortgage transactions. Stephen Sobieniak and Victoria McKinney (collectively “Sobieniaks”) seek rescission and money damages from BAC Home Loans Servicing (BAC). Alan and Mary Jane Keiran seek the same relief from Bank of New York Mellon (BNYM). We affirm the district court.[1]
I. BACKGROUND
Due to the similarity of issues, these cases were consolidated for appeal, but we set forth the facts of each separately. On March 6, 2007, the Sobieniaks contacted Countrywide bank, requesting to essentially refinance their mortgage loan. Countrywide sent Sobieniaks TILA disclosures showing a principal value of $567,000 and an annual percentage rate of 6.021%, leading to total payments of $1,207,446.33. On March 22, 2007, the Sobieniaks executed a promissory note with a principal value of $562,600 and a fixed annual percentage rate of 5.875%, leading to total payments amount of $1,198,077.73. The note was secured by the Sobieniaks’ principal residence, located in Wayzata, Minnesota. At closing, each of the Sobieniaks acknowledged receiving, as relevant to this action, two copies of the notice of right to cancel (rescind), and one copy of the TILA disclosure statement.
On January 15, 2010, the Sobieniaks sent a notice of rescission to BAC (which merged with Countrywide and became its successor in interest). On January 29, BAC denied the request to rescind because, in BAC’s view, the Sobieniaks had received the correct number of copies of the required notices of right to cancel and TILA disclosures. On January 14, 2011, the Sobieniaks filed the present action pro se, but later obtained counsel and filed an amended complaint seeking rescission, money damages and a declaration that the mortgage is void, all due to BAC’s alleged failure to provide two copies of a TILA disclosure at closing. The district court granted summary judgment in favor of BAC, finding that the Sobieniaks’ claim for money damages for the failure to provide documents at closing was barred by the one-year statute of limitations in 15 U.S.C. § 1640(e); that the Sobieniaks were not entitled to money damages for failure to rescind because the Sobieniaks had not rebutted the presumption that they received all of the required TILA disclosures, and alternatively that the disclosure documents were valid on their face. The court further held that the Sobieniaks had no right to rescind because they did not file the suit for rescission within the three-year statute of repose contained in 15 U.S.C. § 1635(f).
The facts in the Keiran case are similar. In December 2006, the Keirans and Home Capital, Inc. (HCI) executed a promissory note in the amount of $404,000 in exchange for a mortgage of real property located in Lakeville, Minnesota. The loan was subsequently assigned to, and is currently held by BNYM. At closing, each of the Keirans acknowledged receiving, as relevant to this action, two copies of the notice of right to cancel (rescind), and one copy of *725 the TILA disclosure statement. The Keir-ans stopped making payments on the note in November 2008. On October 8, 2009, the Keirans sent rescission notices to BNYM and to BAC — which services the Keirans’ note for BNYM — alleging that they did not receive sufficient copies of disclosures required by TILA at the December 2006 closing. On January 7, 2010, BAC informed the Keirans that no basis for rescission existed. On October 29, 2010, the Keirans filed the current action seeking rescission of the mortgage loan, money damages and a declaratory judgment voiding BNYM’s security interest in the Keirans’ mortgage loan. Like the So-bieniaks, they alleged rescission was proper because they were entitled to, and did not receive, more than one copy of the TILA Disclosure Statement at closing. The bank moved for summary judgment, which the district court granted, holding that the claims for money damages for TILA deficiencies at closing were barred by the one-year statute of limitations, that the claim for money damages for the bank’s failure to rescind was without merit because there were no evidently deficient TILA notices in the Keirans’ paperwork at closing, and that the claim for rescission was barred by the three-year statute of repose.
On appeal, plaintiffs challenge the district court’s rulings regarding whether filing suit, or instead simply giving notice to the bank within three years is required to preserve the right of rescission under 15 U.S.C. § 1635(f). Additionally, they challenge the district court’s rulings that the banks were entitled to summary judgment on plaintiffs’ claims for money damages.
II. DISCUSSION
We review the district court’s grant of summary judgment de novo, viewing the evidence and inferences in favor of the nonmoving party, and affirming if there is no genuinely material factual dispute and the movant is entitled to judgment as a matter of law. Davis v. U.S. Bancorp, 383 F.3d 761, 765 (8th Cir.2004). A complete failure to prove an essential element of a case renders all other facts immaterial. Celotex Carp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
Congress enacted TILA “to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit.” 15 U.S.C. § 1601(a). We broadly construe TILA in favor of consumers. Rand Corp. v. Moua, 559 F.3d 842, 845 (8th Cir.2009). In transactions secured by a principal dwelling, TILA gives borrowers an unconditional three-day right to rescind. 15 U.S.C. §§ 1635(a), 1641(c). The three-day rescission period begins upon the consummation of the transaction or the delivery of the required rescission notices and disclosures, whichever occurs last. Id. § 1635(a). Required disclosures must be made to “each consumer whose ownership interest is or will be subject to the security interest,” 12 C.F.R. § 226.23(a), and must include two copies of a notice of the right to rescind (also referred to as the Notice of Right to Cancel), id. § 226.23(b)(1), and a TILA disclosure statement, outlining:
the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed, the total of payments, the number and amount of payments [and] the due dates or periods of payments scheduled to repay the indebtedness.
15 U.S.C. § 1602(u).
These disclosures must be made “clearly and conspicuously in writing, in a form *726 that the consumer may keep.” 12 C.F.R. § 226.17(a)(1). If the creditor fails to make the required disclosures or rescission notices, the borrower may rescind beyond the unconditional three-day period, but that “right of rescission shall expire three years after the date of consummation of the transaction.” 15 U.S.C. § 1635(f); see also 12 C.F.R. § 226.23(a)(3). TILA allows for money damages and attorney fees when a creditor violates the statute. 15 U.S.C. §§ 1635(g), 1640(a). A claim for money damages must be brought within one year[2] from the date of the occurrence of the violation. Id. § 1640(e).
A. Rescission
The first issue we consider is whether the plaintiffs timely filed this action to enforce their right of rescission, which “shall expire three years after the date” of the consummation of their loan transactions. Id. § 1635(f). Plaintiffs contend that to preserve that right, they needed only to inform the lender, within three years and in writing, of their intent to rescind. The banks argue that the borrower must instead file suit for rescission within three years of closing or the right expires pursuant to the terms of § 1635(f). Our sister circuits are split on this issue.
In Gilbert v. Residential Funding LLC, 678 F.3d 271 (4th Cir.2012). the Fourth Circuit came to the conclusion that giving the creditor written notice, in any form, was enough to satisfy the statute of repose. Id. at 277-78. The Gilbert court relied heavily upon the statute’s implementing regulation, known as Regulation Z:
To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor’s designated place of business.
12 C.F.R. § 226.23(a)(2).
The Gilbert court found that the plain meaning of the statute and the regulation compelled the conclusion that the plaintiffs exercised their right to rescind by signaling their intent to do so in a letter to the bank. 678 F.3d at 277-78. The court noted that “neither 15 U.S.C. § 1635(f) nor Regulation Z says anything about the filing of a lawsuit, and we refuse to graft such a requirement” upon obligors seeking rescission. Id. at 277. A recent decision by the Third Circuit shows it to be in accord with the Fourth Circuit. See Sherzer v. Homestar Mortg. Servs., 707 F.3d 255 (3d Cir.2013).[3]
On the other hand, the Tenth Circuit in Rosenfield v. HSBC Bank, USA, 681 F.3d 1172 (10th Cir.2012), found that although TILA must be construed liberally in favor of the consumer, the court could not accept the view that notice without suit was enough, and instead, held that commence *727 ment of suit was required. Id. at 1187-88. The court “acknowledge[d]” the Fourth Circuit’s opinion in Gilbert, but disagreed with the Fourth Circuit’s view that the right to rescission can be “exercised” under TILA without the rescission ever being effectuated by a court. Id. at 1188 n. 12. The Rosenfield court stated,
[w]e disagree that the filing of a suit to rescind is not required in order to exercise the right. We simply cannot square the Fourth Circuit’s view with the Supreme Court’s strong pronouncement in Beach that the TILA rescission right is extinguished if it is not exercised within the three-year statutory period, and the Court’s vision of repose and its salutary purposes under TILA.
Id. (citation omitted). The Ninth Circuit is in accord with this viewpoint. See, e.g., McOmie-Gray v. Bank of Am. Home Loans, 667 F.3d 1325, 1328 (9th Cir.2012) (“[U]nder the case law of this court and the Supreme Court, rescission suits must be brought within three years from the consummation of the loan, regardless whether notice of rescission is delivered within that three-year period.”).
The Supreme Court decision referred to in Rosenfield is Beach v. Ocwen Federal Bank, 523 U.S. 410, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998). In Beach, the Court addressed whether a borrower may assert his right to rescind as an affirmative defense in a collection action brought by the lender more than three years after the consummation of the transaction. Id. at 411-12, 118 S.Ct. 1408. The borrowers in Beach acknowledged that their right to institute an independent proceeding for rescission under § 1635 lapsed three years after closing on the loan, but they argued that the restriction to three years in § 1635(f) was a statute of limitation governing only the institution of the lawsuit, but had no effect when a borrower claimed the right of rescission as a defense. The Court rejected that view, and reasoned that Congress intended to foreclose the federal right to rescind provided under TILA, defensively or otherwise, after the three-year period has run. Id. at 419, 118 S.Ct. 1408.
The Rosenfield court relied extensively on Beach in reasoning that § 1635(f) governs the “life” of the right to rescind, holding that “the mere invocation of the right to rescission via a written letter, without more, is not enough to preserve a court’s ability to effectuate (or recognize) a rescission claim after the three-year period has run.” 681 F.3d at 1182. Key to this inquiry in Rosenfield was the general nature of a statute of repose as a bar that “completely extinguishes] the right being claimed after it lapses,” and “serves as an unyielding and absolute barrier to a cause of action” that is unconcerned with “plaintiffs diligence”; instead, a statute of repose is “concerned with the defendant’s peace.” Id. at 1182-83 (quotations omitted). Consistent with the purpose and intent of a statute of repose, the court held that “it is the filing of an action in a court ... that is required to invoke the right limited by the TILA statute of repose; the concept of repose itself ... fundamentally limits the ability to file an action.” Id. at 1183.
Another focus of the Rosenfield court was the character of rescission in general. Because rescission is an equitable remedy designed to return parties to the status quo ante, its justification is remedial economy as compared with remedies designed to achieve the compensatory goal of a damages award. Remedial economy is not furthered when rescission is prohibitively difficult or even impossible to enforce. Id. at 1183-84. If a plaintiff must only notify the lender of his or her “intent” to rescind, at some uncertain future date, the plaintiff *728 may or may not take action upon that intent, serving as a cloud on the bank’s title if the property proceeded to foreclosure before any action was taken. As the Rosenfield court noted, “when a borrower who has provided notice to a creditor decides later — at some unknown, and perhaps distant, point in the future — to effectuate the rescission right through judicial process, the underlying circumstances in no small number of cases are likely to have changed significantly.” Id. at 1185; see also Beach, 523 U.S. at 418-19, 118 S.Ct. 1408 (recognizing that § 1635(f) acts to limit the clouding of a property’s title).
Given these considerations, we agree with the Tenth Circuit’s thorough and well-reasoned opinion in Rosenfield and hold that a plaintiff seeking rescission must file suit, as opposed to merely giving the bank notice, within three years in order to preserve that right pursuant to § 1635(f). The nature of a statute of repose and the remedy of rescission, in addition to the uncertainties as to title that would likely occur if the right is not effectuated by court filing within three years of the underlying transaction, are each compelling reasons for the conclusion that we draw. We are not unmindful of the language of Regulation Z or the interpretation of that regulation — that notice, as opposed to filing suit, is enough to preserve the right — that the Consumer Financial Protection Bureau (CFPB), amicus in this case, has advanced in favor of the plaintiffs. However, we agree with Rosenfield that the text of the statute, as explicated in Beach, establishes that filing suit is required. And furthermore, while Regulation Z sets forth one of the things an obligor must do to rescind the loan — give written notice to the bank — it does not set forth the entirety of things necessary to accomplish rescission. Indeed, Regulation Z says nothing about filing suit, but filing suit will certainly be necessary to actually accomplish rescission in most cases where rescission under TILA is sought. See Ro-senfield, 681 F.3d at 1186 n. 10 (noting that the Beach Court’s vision of repose meant that rescission must be asserted via court filing during the repose period, which was inconsistent with the CFPB’s argument that rescission under TILA may be accomplished without judicial process); cf. Tri-State Hotels, Inc. v. FDIC, 79 F.3d 707, 715 (8th Cir.1996) (describing rescission as a “judicial” remedy (quotation omitted)).
Nor do we agree with the CFPB’s argument that the bank, rather than the obli-gor, should be required to file suit to essentially prevent rescission. This would create a situation wherein rescission is complete, in effect, simply upon notice from the borrower, whether or not the borrower had a valid basis for such remedy. Under this scenario, the bank’s security interest would be unilaterally impaired, casting a cloud on the property’s title, an approach envisioned and rejected by Beach, 523 U.S. at 418-19, 118 S.Ct. 1408. Our interpretation of § 1635(f) creates no dissonance between the regulation and the statute. The regulation requires notice to the lender of an intent to rescind, and the statute requires that rescission be accomplished within three years or the right expires. Extrapolating from Beach, we hold that to accomplish rescission within the meaning of § 1635(f), the obligor must file a rescission action in court.[4] *729 Neither the Sobiemaks nor the Keirans accomplished rescission in this way within three years of their respective transactions. Accordingly, their right to rescind has expired and the district court correctly entered summary judgment on the rescission claims.
B. Money Damages
Plaintiffs next challenge the district court’s rulings that they are, as a matter of law, not entitled to money damages for the banks’ refusal to rescind after the Sobien-iaks and Keirans gave written notice of their respective intents to rescind. TILA allows for actual damages and attorney fees when a creditor violates the statute (which presumably includes an alleged violation of the consumer’s right to rescind), and such claims must be brought within one year from the date of the occurrence of the violation. 15 U.S.C. §§ 1635(g), 1640(a) & (e).
Even though their claim for actual rescission is not timely based upon the foregoing analysis, the plaintiffs’ claims for money damages based upon the banks’ failure to rescind is, at the very least, cognizable. The heart of our analysis in the preceding section is that § 1635(f)’s status as a statute of repose means that the right was extinguished after three years, not that the right never existed. The failure-to-rescind cause of action accrued when plaintiffs requested rescission and the banks denied the request. As previously noted, ante n.2, this claim is timely. We apply an “objective standard of review” to alleged violations of TILA. Ofor v. Ocwen Loan Servicing, LLC, 649 F.3d 808, 815 (8th Cir.2011) (quotation omitted), cert. denied, — U.S. -, 132 5.Ct. 1747, 182 L.Ed.2d 537 (2012).
Both sets of plaintiffs sue assignee banks[5] — BAC is the assignee[6] creditor in the Sobieniaks’ case and BNYM in the Keirans’ case. They allege the banks wrongfully refused to rescind, and that they were entitled to rescind their mortgages because they received only one copy of the required TILA disclosure statement.[7]
*730 The banks argue that they are not liable because of their status as assignee banks. Section 1641(a) states in part:
[A]ny civil action for a violation of ... [TILA] which may be brought against a creditor may be maintained against any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement, except where the assignment was involuntary.
15 U.S.C. § 1641(a).
Plaintiffs argue that § 1641(a) does not apply to violations based on a failure to rescind. However, the statute does not exempt rescission failures from its provisions. Further, the point of the statute is to afford some measure of protection to assignee banks, whose representatives were not present at closing. Taylor v. Quality Hyundai, Inc., 150 F.3d 689, 694 (7th Cir.1998). The statute “does not impose a duty of additional inquiry on assignees.” Id. Instead, assignees are liable “[o]nly [for] violations that a reasonable person can spot on the face of the disclosure statement,” id., so that assignee banks need not delve into the details of closings when they decide whether to accept assignment of a financial transaction. A violation is facially apparent when the document “can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned, or ... does not use the terms required” by TILA. 15 U.S.C. § 1641(a).
We agree with the banks that the alleged violation — that each set of plaintiffs were given one, rather than two TILA disclosures — was not facially apparent on the loan documents as set forth in § 1641. Assignee banks are entitled under § 1641 to rely upon the documents contained in the files they received upon assignment, and if those documents appear complete and accurate on their face, a borrower has no basis for a claim for monetary damages against an assignee bank. The record discloses that the loan files in both eases have acknowledgments from the Keirans and the Sobieniaks that they received all of the notices they were entitled pursuant to TILA, including that each of the four borrowers received two copies of the notice of right to cancel, and one copy of the TILA disclosure statement. Those acknowledgments are “ ‘conclusive proof ” that the required TILA disclosures were delivered for purposes of an assignee bank’s liability under § 1641.[8] Ofor, 649 F.3d at 815 (quoting 15 U.S.C. § 1641(b)). Accordingly, the plaintiffs’ claims for money damages for the banks’ failure to rescind are without merit.
III. CONCLUSION
We affirm the district court.

. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

. Plaintiffs do not challenge the district court’s rulings that their claims for money damages for the banks’ failures to deliver documents at closing are barred by § 1640's one-year statute of limitations, as both lawsuits were clearly brought more than one year after the respective loan closings. Their claims for money damages for the banks’ failures to rescind are, however, timely. See 15 U.S.C. §§ 1635(b), 1640(e).

. Prior to Sherzer, it looked as though the Third Circuit might be on the other side of this issue. See Williams v. Wells Fargo Home Mortg., Inc., 410 Fed.Appx. 495, 499 (3d Cir.2011) (unpublished) ("It may be that an obli-gor may invoke the right to rescission by mere notice. Mere invocation without more, however, will not preserve the right beyond the three-year period.”).

. The Rosenfield. court expressly did not decide the question of whether rescission under TILA could also be accomplished if the lender, upon receipt of the obligor’s notice to rescind, agrees to rescission and purports to cancel the underlying transaction. 681 F.3d at 1183 n. 8. Rosenfield did not foreclose the argument that under these circumstances, courts could hold the lender responsible in equity. Id. We agree that nothing in TILA or *729 Beach would seem to foreclose the parties completing the rescission process privately, in the event that the lender agrees to rescission upon notice from the obligor.

.Keirans also sued their loan servicer, BAC. Subject to exceptions not applicable here, loan servicers are not liable for money damages under TILA. See 15 U.S.C. § 1641(f); Gale v. First Franklin Loan Servs., 701 F.3d 1240, 1245 (9th Cir.2012). The Keirans also sued the original lending bank, HCI, and all plaintiffs sued several "John and Jane Does” but apparently neither HCI nor any of the "Does” were ever served. Finally, Sobieniaks sued the Mortgage Electronic Registration Systems, Inc. (MERS). MERS is an electronic registration system wherein lenders can transfer interests in promissory notes to each other, while MERS remains the mortgagee of record. Dunbar v. Wells Fargo Bank, N.A., 709 F.3d 1254, 1256, n. 2 (8th Cir.2013). At all points in this litigation, MERS and the Sobieniaks' assignee bank, BAC, were treated as one assignee bank entity, and we do the same, referring only to BAC or the bank.

. The Sobieniaks argued for the first time at oral argument that BAC is not actually an assignee bank, and allege there are issues of fact with regard to whether BAC’s successor-by-merger acquisition of Countrywide makes it an assignee bank. However, the Sobieniaks alleged in their complaint that BAC was an assignee bank, and repeated this assertion in the opening brief. We accordingly treat BAC as an assignee bank and will not consider the Sobieniaks’ contrary argument on appeal. See Express Scripts, Inc. v. Aegon Direct Mktg. Servs., Inc., 516 F.3d 695, 701 (8th Cir.2008) (holding that because a party failed to raise an issue to the district court or in its appeal briefs and because our circuit had not ever addressed the issue, the argument was waived).

. As previously noted, plaintiffs also brought a stand-alone claim for money damages for *730 the original lending banks’ alleged failures to give them these documents at closing, but those claims are barred by the one-year statute of limitations and not at issue in these appeals.

. Given the banks' status as assignees, we need not reach the merits of whether the plaintiffs actually were given an inadequate number of TILA disclosures (entitling them to rescission). And indeed, if we did decide that there was no TILA disclosure violation on the merits, our analysis in the preceding section would be unnecessary because absent a disclosure violation, the right to rescind is not extended for three years and instead ends at the close of the three-day window following consummation of the loan transaction. See Rand, 559 F.3d at 846 (noting that only when a creditor fails to comply with the notice and disclosure provisions in Regulation Z is the right to rescind extended from three days to three years under 15 U.S.C. § 1635(f)). In deciding the case pursuant to the special protections for assignees under § 1641, we hold only that any such notice or disclosure defects were not evident on the face of the loan documents transferred to the assignee bank.