# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2202

_____

Larry D. Jesinoski and Cheryle Jesinoski, individuals

*Plaintiffs - Appellants*

v.

Countrywide Home Loans, Inc.,
subsidiary of Bank of America N.A.,
doing business as America's Wholesale
Lender; BAC Home Loans Servicing, LP,
a subsidiary of Bank of America, N.A.,
a Texas Limited Partnership, formerly
known as Countrywide Home Loans
Servicing, L.P.; Mortgage Electronic
Registration Systems, Inc., a Delaware
Corporation; and John and Jane Does 1–10

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota – Minneapolis

_____

Submitted: December 11, 2012
Filed: September 10, 2013
[Published]

_____

Before LOKEN, MELLOY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Mortgagors Larry and Cheryle Jesinoski appeal the district court's grant of judgment on the pleadings to their lenders in a dispute regarding a $611,000 home loan. Three years to the day after consummating the loan, the Jesinoskis mailed notices to the lenders seeking to rescind the loan due to alleged violations of the Truth in Lending Act (TILA); the lenders denied the Jesinoskis' requests to rescind. One year and one day after mailing the letters—now more than four years after consummating the loan—the Jesinoskis sued the lenders to rescind the loan. The sole issue on appeal is whether mailing a notice of rescission within three years of consummating a loan is sufficient to "exercise" the right to rescind a loan transaction pursuant to 15 U.S.C. § 1635(a) or, alternatively, whether a party seeking to rescind the transaction is required to file a lawsuit within the three-year statutory period.

This Court recently weighed in on the circuit split regarding this precise issue and held that a party seeking to rescind a loan transaction must file suit within three years of consummating the loan. Keiran v. Home Capital, Inc., 720 F.3d 721, 726–29 (8th Cir. 2013) (adopting the Tenth Circuit's view in Rosenfield v. HSBC Bank, USA, 681 F.3d 1172 (10th Cir. 2012)); see Hartman v. Smith, __ F.3d __, No. 12-1947, 2013 WL 4407058 at *7–8 (8th Cir. Aug. 19, 2013) (following Keiran). "It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." Owsley v. Luebbers, 281 F.3d 687, 690 (8th Cir. 2002). Accordingly, we affirm the district court's judgment on the pleadings in favor of the lenders.

MELLOY, Circuit Judge, concurring in the judgment.

I concur in the judgment insofar as this Court is bound by decisions of prior panels. See Owsley, 281 F.3d at 690. Were we writing on a clean slate, however, I would hold for the reasons stated in my separate concurrence in Hartman, 2013 WL

4407058 at *10–12, that sending notice within three years of consummating a loan is sufficient to "exercise" the right to rescind.  See 12 C.F.R. § 1026.23(a)(2).

COLLOTON, Circuit Judge, concurring.

I concur in the per curiam opinion based on circuit precedent, but I believe that *Keiran v. Home Capital, Inc.*, 720 F.3d 721 (8th Cir. 2013), was wrongly decided, *see id*. at 731 (Murphy, J., dissenting); *Scherzer v. Homestar Mortg. Servs.*, 707 F.3d 255 (3d Cir. 2013), and I would reverse the judgment of the district court if the question presented were open in this circuit.

—————————————