# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2508

_____

Bank of America, N.A.

*Plaintiff - Appellee*

v.

Gary R. Peterson; Sally L. Peterson

*Defendants - Appellants*

JP Morgan Chase Bank, N.A., and its successors and assigns;
Horizon Bank, National Association; Clear & Close Title Agency, Ltd.,
also all heirs and devisees of any of the above-named persons who
are deceased; and all other persons or entities claiming any right,
title, estate, lien or interest in real estate described in the Summons
and Complaint herein

*Defendant*s

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: March 12, 2013
Filed: March 21, 2014

_____

Before WOLLMAN, BYE, and COLLOTON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Gary and Sally Peterson (collectively, the Petersons) appeal from the district court's order granting Bank of America, N.A.'s (Bank of America's) motion for summary judgment on their counterclaims for rescission and statutory damages under the federal Truth in Lending Act (TILA), 15 U.S.C. § 1601 e*t seq*. We affirm in part, vacate the grant of summary judgment with respect to the Petersons' counterclaim for statutory damages, and remand for further proceedings.

## I. Background

On December 13, 2006, the Petersons closed on a home mortgage refinance loan with Bank of America. The principal amount of the loan was $840,000, which was secured by a mortgage on the Petersons' primary residence in Blaine, Minnesota. In connection with the loan, the Petersons executed a Notice of Right to Cancel and a Truth in Lending Disclosure Statement, as required by TILA. Although they admit to executing these documents, the Petersons allege that they never received copies of them, as required by TILA's implementing regulation, Regulation Z. See 12 C.F.R. §§ 226.17(a)(1), 226.23(b)(1).

Sally Peterson called Bank of America in January 2007 to request copies of the closing documents. Bank of America sent two letters, dated January 31, 2007, to the Petersons. One letter was sent by Carolyn Thompson and informed the Petersons that the Truth in Lending Disclosure Statement did not accurately reflect the APR and/or the finance charge related to their loan. A check in the amount of $7,860 was enclosed with the letter to correct the error—which the Petersons cashed— but copies of the signed Truth in Lending Disclosure Statement were not. Bank of America's records contain a receipt confirmation indicating that the Petersons had received this letter. The other letter was sent by Miaysha Hutchinson and informed the Petersons that the original Notice of Right to Cancel had failed to provide them with the correct

time frame within which to cancel the loan. This letter contained two new copies of the Notice of Right to Cancel form with the correct time frame and requested that the Petersons execute the notices and return a signed copy to Bank of America. The Petersons both testified that they did not recall ever receiving Ms. Hutchinson's letter. This letter was not sent with a receipt confirmation and Bank of America's records do not contain any evidence that the Petersons had in fact received this letter.

The Petersons began making their monthly payments in accordance with the loan in February 2007, and they continued making those payments until they fell behind on the mortgage in approximately June 2009. Sometime thereafter, Bank of America discovered that the original mortgage executed on December 13, 2006, had been lost or misplaced and thus was never properly recorded. In a letter dated October 16, 2009, Bank of America asked the Petersons to execute a duplicate original mortgage to be recorded in Anoka County, Minnesota. The Petersons refused to execute the duplicate original mortgage and instead, by letter dated October 27, 2009, requested rescission of the loan because of Bank of America's alleged failure to provide the disclosures required under TILA.

Bank of America commenced this action on September 3, 2010, seeking, among other things, a declaratory judgment that its lien was valid and superior to the right, title, and interest of all others claiming an interest in the Petersons' home, as well as a declaratory judgment that it had fully complied with its obligations under TILA. The Petersons answered the complaint and counterclaimed, seeking enforcement of their requested TILA rescission, statutory damages under TILA, and a declaratory judgment that their home was unencumbered by any security interest in favor of Bank of America.

Bank of America moved to dismiss the Petersons' counterclaims under Federal Rule of Civil Procedure 12(b)(6) for failure to allege the ability to tender back payment of the loan. The district court granted that motion, but stayed the dismissal

for forty-five days to allow the Petersons to amend their counterclaims. See D. Ct. Order of Mar. 4, 2011. The Petersons filed their amended answer and counterclaims on April 4, 2011, and Bank of America thereafter filed a motion for summary judgment. The district court granted summary judgment to Bank of America, concluding that the Petersons' rescission claim was time-barred under 15 U.S.C. § 1635(f). See D. Ct. Order of Aug. 23, 2012, at 8. The district court concluded also that "[b]ecause the Petersons' rescission claim is time-barred, their claim against [Bank of America] for statutory damages for failing to rescind necessarily fails as well." Id. at 11. Alternatively, the district court found that the statutory damages claim was time-barred under § 1640(e). Id.

## II. Discussion

We review *de novo* the district court's grant of summary judgment and may affirm the judgment on any basis supported by the record. St. Martin v. City of St. Paul, 680 F.3d 1027, 1032 (8th Cir. 2012). Summary judgment is appropriate if there are no genuine disputes of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.

## A. Claim for Rescission

"In transactions secured by a principal dwelling, TILA gives borrowers an unconditional three-day right to rescind. The three-day rescission period begins upon the consummation of the transaction or the delivery of the required rescission notices and disclosures, whichever occurs last." Keiran v. Home Capital, Inc., 720 F.3d 721, 725 (8th Cir. 2013) (internal citations omitted), petition for cert. filed, 82 U.S.L.W. 3383 (U.S. Dec. 9, 2013) (No. 13-705). "If the creditor fails to make the required disclosures or rescission notices, the borrower may rescind beyond the unconditional three-day period, but that 'right of rescission shall expire three years after the date of consummation of the transaction.'" Id. at 726 (quoting 15 U.S.C. § 1635(f)).

The Petersons argue that the district court erred by concluding that 15 U.S.C. § 1635(f) time-barred their claim for rescission under TILA because of their failure to file a lawsuit within three years of the transaction with Bank of America. The Petersons contend that TILA and Regulation Z require only that the borrower give the lender notice by mail, telegram, or other means of written communication that he is invoking the right to rescission within three years of the transaction.

The Petersons' argument is foreclosed by our decision in Keiran v. Home Capital, Inc., in which we held "that a plaintiff seeking rescission must file suit, as opposed to merely giving the bank notice, within three years in order to preserve that right pursuant to § 1635(f)." 720 F.3d at 728. Although the borrowers in Keiran had given notice within the three-year period, they had not filed their lawsuit within those three years. Thus, we held that their rescission claims had expired under § 1635(f) and that summary judgment in favor of the lenders was appropriate. See id.; accord Jesinoski v. Countrywide Home Loans, Inc., 729 F.3d 1092 (8th Cir. 2013) petition for cert. filed, 82 U.S.L.W. 3366 (U.S. Dec. 6, 2013) (No. 13-684); Hartman v. Smith, 734 F.3d 752 (8th Cir. 2013). Similarly in this case, because the Petersons notified Bank of America of their intent to rescind but failed to file a lawsuit within the three-year period, the district court did not err in determining that the Petersons' right to rescission had expired and that their rescission claim was time-barred under § 1635(f).

## B. Failure-to-Rescind Claim

The Petersons contend further that the district court erred by granting Bank of America summary judgment on their failure-to-rescind claim. Title 15, United States Code, Section 1640(a) provides that "any creditor who fails to comply with any requirement imposed under . . . § 1635 . . . is liable" for statutory damages as well as attorney's fees. The district court concluded that "[b]ecause the Petersons' rescission claim is time-barred, their claim against [Bank of America] for statutory damages for

failing to rescind necessarily fails as well." D. Ct. Order of Aug. 23, 2012, at 11. Alternatively, the district court concluded that the Petersons' statutory damages claim was time-barred because it was filed more than one year after the allegedly defective closing of the mortgage. Id.; see also 15 U.S.C. § 1640(e) (establishing a one-year statute of limitations that accrues from the date of the occurrence of the violation).

"The failure to rescind when a debtor is entitled to rescission . . . violates the Act." In re Smith, 737 F.2d 1549, 1552 (11th Cir. 1984); see also Keiran, 720 F.3d at 729 ("TILA allows for actual damages and attorney fees when a creditor violates the statute (which presumably includes an alleged violation of the consumer's right to rescind)[.]"). In Keiran, we rejected the premise that a failure-to-rescind claim necessarily fails when the rescission claim itself expires under § 1635(f). 720 F.3d at 729. We concluded that although the plaintiffs' rescission claim itself was barred, "§ 1635(f)'s status as a statute of repose means that the right was extinguished after three years, not that the right never existed." Id. Thus, "even though [the plaintiffs'] claim for actual rescission [was] not timely . . . [their] claims for money damages based upon the banks' failure to rescind [was], at the very least, cognizable." Id. Accordingly, that the Petersons' rescission claim failed as a matter of law under § 1635(f) does not mandate the conclusion that their failure-to-rescind claim necessarily fails as well.

Nor was the failure-to-rescind claim time-barred under § 1640(e). "The failure-to-rescind cause of action accrue[s] when plaintiffs request[] rescission and the bank[] denie[s] the request." Keiran, 720 F.3d at 729. The Petersons gave Bank of America their notice of rescission on October 27, 2009. Under § 1635(b), Bank of America had twenty days to take action on the Petersons' notice of rescission, but took no action at all. The Petersons' failure-to-rescind claim thus accrued on November 16, 2009—twenty days after Bank of America received the notice of rescission. Because the Petersons filed their failure-to-rescind claim on November 3, 2010, that claim was timely under § 1640(e)'s one-year statute of limitations.

Bank of America argues in the alternative that summary judgment on the Petersons' failure-to-rescind claim was proper because there were no genuine disputes of material fact whether a disclosure violation occurred permitting rescission under TILA or whether the Petersons were able to tender back payment of the loan.

The Petersons argue that there is a genuine issue of material fact whether Bank of America delivered to them any TILA disclosures or notices. Although they acknowledge that they signed the Truth in Lending Disclosure Statement and the Notice of Right to Cancel, they testified that they did not receive copies of these documents. Regulation Z requires a creditor to deliver to each borrower a copy of all material disclosures and two copies of the notice of the right to rescind. 12 C.F.R. § 226.23(a)(3), (b)(1). If the creditor fails to do so, the borrower may exercise the right to rescind. 12 C.F.R. § 226.23(a)(3). Written acknowledgment of receipt of the disclosures creates a rebuttable presumption that the disclosures were delivered to the borrowers. 15 U.S.C. § 1635(c). The Petersons, however, have offered evidence that Bank of America failed to deliver the required documents. They testified that the closing agent took the documents after they had signed them and did not thereafter give them copies. Taking the evidence in the light most favorable to the Petersons, their testimony rebuts the presumption of delivery and creates a genuine issue of material fact for trial. See Stutzka v. McCarville, 420 F.3d 757, 762-63 (8th Cir. 2005) (concluding that the presumption of delivery was rebutted based on the borrower's affidavit that she did not receive the documents); see also Cappuccio v. Prime Capital Funding LLC, 649 F.3d 180, 189-90 (3d Cir. 2011) ("[W]e hold that the testimony of a borrower alone is sufficient to overcome TILA's presumption of receipt."). Accordingly, the case must be remanded to the district court for further proceedings, including a ruling on Bank of America's alternative arguments.

## III. Conclusion

We affirm the grant of summary judgment to Bank of America on the Petersons' counterclaim for rescission, vacate the grant of summary judgment to Bank of America on the Petersons' counterclaim for statutory damages, and remand for further proceedings consistent with this opinion.

_____