# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-3437

_____

Alan G. Keiran; Mary Jane Keiran

*Plaintiffs - Appellants*

v.

Home Capital, Inc.; BAC Home Loans Servicing, L.P.; Bank of New York
Mellon, as Trustee for the Holders of CWABS, Inc., Asset-Backed Certificates,
Series 2007-6; John and Jane Does 1-10

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: March 7, 2017
Filed: June 2, 2017

_____

Before BENTON, BEAM, and MURPHY, Circuit Judges.

_____

BEAM, Circuit Judge.

This Truth in Lending Act (TILA), 15 U.S.C. §§ 1601-1667f, case is before our
court on the Keirans' attempt to rescind their 2006 mortgage. The Keirans appeal the

district court's[1] grant of summary judgment in favor of a lending bank and its loan servicer (collectively, the bank). We affirm.

## I.  BACKGROUND

On December 30, 2006, the Keirans and Home Capital, Inc.[2] executed a promissory note in the amount of $404,000 in exchange for a mortgage upon real property located in Lakeville, Minnesota. The Keirans stopped making payments on the note in November 2008. On October 8, 2009, the Keirans sent rescission notices to the bank alleging that the Keirans did not receive sufficient copies of disclosures required by the TILA at the December 2006 closing. On January 7, 2010, the bank informed the Keirans that no basis for rescission existed. On October 29, 2010, the Keirans filed the current action seeking rescission of the mortgage loan, money damages and a declaratory judgment voiding the bank's security interest in the Keirans' mortgage loan.

The bank moved for summary judgment, which the district court granted, holding that the claims for money damages for TILA deficiencies were barred by a one-year statute of limitations; that the claim for rescission was barred by the three-year statute of repose; and that the claim for money damages for refusal to rescind failed because there were no evidently deficient TILA notices in the Keirans' paperwork at closing. We affirmed, holding in relevant part that the Keirans were required to actually file suit for rescission within three years, rather than just giving notice of their intent to rescind. Keiran v. Home Capital, Inc., 720 F.3d 721, 728-29

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

[2]The original lending bank was named as a defendant in this lawsuit but was never served. By the time of the rescission notice sent in 2009, the current defendant bank and loan servicer had taken over the Keirans' loan account.

(8th Cir. 2013), vacated, 135 S. Ct. 1152 (2015) (mem.). We also upheld the district court's decision on money damages, finding that the Keirans were not entitled to money damages because any alleged defects were not apparent on the face of the loan documents, thus absolving the assignee banks from any defects which occurred at the original closing. Id. at 730. The Supreme Court granted certiorari in a similar case to resolve a split in the circuits over whether notice or the actual filing of a lawsuit was required to effect rescission within the three-year statute of repose. The Court decided that notice of rescission, rather than filing suit, is all that is required. Jesinoski v. Countrywide Home Loans, Inc., 135 S. Ct. 790 (2015). Thereafter, the Court granted the Keirans' petition for certiorari, vacated our opinion and remanded in light of its Jesinoski decision. 135 S. Ct. 1152. On the Supreme Court's remand, we remanded to the district court for further consideration.

Before the district court, both parties again moved for summary judgment. The Keirans argued that they were entitled to rescission because (1) the bank did not provide them with the required amount of TILA disclosure statements; (2) the disclosure statements contained material inaccuracies regarding finance charges associated with the loan; and (3) the bank did not timely and adequately respond to their October 2009 notice of rescission. The district court again granted summary judgment for the bank, holding that the Keirans did not rebut the presumption in 15 U.S.C. § 1635(c) (stating that if a consumer acknowledges in writing that he has received the required disclosures, "a rebuttable presumption of delivery" arises) that they received all of the disclosures required by law. The court found that the Keirans' self-serving affidavits to the contrary were not adequate to rebut the presumption. The district court also rejected the argument that the disclosure statements were materially inaccurate. Finally, the district court held that because no violations of the TILA occurred, the bank was not required to respond to the notice of rescission–the right of rescission expired three days after closing in December 2006 (instead of three years later) because no violation occurred. Id. § 1635(a), (f). The Keirans appeal.

## II.    DISCUSSION

Congress enacted the TILA "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." Id. § 1601(a). Courts broadly construe the TILA in favor of consumers. Rand Corp. v. Yer Song Moua, 559 F.3d 842, 845 (8th Cir. 2009). In transactions secured by a principal dwelling, the TILA gives borrowers an unconditional three-day right to rescind. 15 U.S.C. §§ 1635(a) (rescission as to original lenders); 1641(c) (extending rescission to assignees). The three-day rescission period begins upon the consumption of the transaction or the delivery of the required rescission notices and disclosures, whichever occurs last. Id. § 1635(a). Required disclosures must be made to "each consumer whose ownership interest is or will be subject to the security interest" and must include two copies of a notice of the right to rescind, see 12 C.F.R. § 1026.23(a), (b)(1), and a TILA disclosure statement, outlining:

> the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed, the total of payments, the number and amount of payments, [and] the due dates or periods of payments scheduled to repay the indebtedness.

15 U.S.C. § 1602(u). These disclosures must be made "clearly and conspicuously in writing, in a form that the consumer may keep." 12 C.F.R. § 1026.17(a)(1). If the creditor fails to make the required disclosures or rescission notices, the borrower's "right of rescission shall expire three years after the date of consumption of the transaction." 15 U.S.C. § 1635(f); see 12 C.F.R. § 1026.23(a)(3)(i). However, and importantly in this case, if no disclosure violation occurs, "the right to rescind is not extended for three years and instead ends at the close of the three-day window following consumption of the loan transaction." Keiran, 720 F.3d at 730 n.8. If the Keirans can establish that their TILA rights at closing were violated, their right of

-4-

rescission expired December 30, 2009, and their October 8, 2009, notice of rescission to the bank was timely. If they cannot establish a violation, their right of rescission expired in early January 2007, three days after the December 30, 2006, closing.

## A.    Number of Disclosure Statements

The Keirans first argue that they are entitled to rescission because they did not each receive a copy of a TILA disclosure statement as required in 12 C.F.R. § 1026.17(a)(1), (d). However, if a consumer acknowledges in writing that he or she *did* receive a required disclosure, this creates "a rebuttable presumption of delivery thereof." 15 U.S.C. § 1635(c). It is undisputed that both of the Keirans signed an acknowledgment stating that they each received a complete copy of the disclosure statement that they were entitled to by the TILA. This evidence gives rise to the rebuttable presumption in § 1635(c). In affidavits submitted in response to the bank's summary judgment motion and in support of their own summary judgment motion, the Keirans state that they received only one copy, instead of two, of a TILA disclosure statement. Keirans argue that their affidavits rebut the presumption that they received the required notices, and therefore there is a genuine issue of material fact on this issue. The bank argues that the district court correctly held that the Keirans' conclusory affidavits do not serve to rebut the presumption. In support of their arguments that the personal affidavits are sufficient, the Keirans cite our opinion in Bank of America, N.A. v. Peterson, 746 F.3d 357 (8th Cir. 2014).

In Peterson, the plaintiffs closed on a home mortgage refinance loan in December 2006. Shortly thereafter, in January 2007, Ms. Peterson called the bank to request copies of required TILA closing documents, alleging the couple had not received them at closing. The bank thereafter sent the Petersons two letters, both dated January 31, 2007. One of the letters stated that the TILA disclosure statement did not accurately reflect the annual percentage rate or the finance charge related to their loan. A check for approximately $8,000 was enclosed with the letter to correct

the error, but the bank still did not send signed copies of the TILA statements. The Petersons cashed the check. The other letter informed the Petersons that the original "Notice of Right to Cancel" had failed to provide the correct time frame within which to cancel the loan, and this letter provided two new copies of the Notice of Right to Cancel. The letter also requested that the Petersons execute the notices and return a signed copy to the bank. The Petersons denied ever receiving this second letter or the notices. Id. at 358-59. The Petersons ultimately fell behind on their loan payments in June 2009. Also around this time, the bank discovered that the original mortgage executed in December 2006 had not ever been properly recorded. Id. at 359. Thus in October 2009, the bank sent a letter to the Petersons asking them to execute a duplicate original mortgage. The Petersons refused, and instead, by a letter dated October 27, 2009, requested rescission of the loan because of the bank's failure to provide the required TILA disclosures. Id.

In the eventual lawsuit, the Petersons asserted that their notice of rescission was timely, even though they had not filed suit. The district court disagreed, and on appeal, which was decided after our first Keiran decision but before the Supreme Court's decision in Jesinoski, we affirmed the denial of the right to rescission as untimely.[3] Id. at 360. However, in adjudicating the Petersons' failure-to-rescind claim, we considered whether to credit the Petersons' testimony and affidavits about the events and correspondence that occurred in January 2007 shortly after closing. We found that the Petersons had offered sufficient evidence that the bank did not deliver the requisite documents and denied the bank's motion for summary judgment. Id. at 361. We then cited two cases which stand for the proposition that the presumption of delivery can be rebutted based on the borrower's affidavit alone. Id. (citing Stutzka v. McCarville, 420 F.3d 757, 762-63 (8th Cir. 2005); and Cappuccio v. Prime Capital Funding LLC, 649 F.3d 180, 189-90 (3d Cir. 2011)).

---

[3] This portion of the opinion has already been vacated in light of Jesinoski. Bank of Am., N.A. v. Peterson, 782 F.3d 1049 (8th Cir. 2015).

The remarkable factual scenario in Peterson–wherein the bank demonstrated its lack of TILA diligence on more than one occasion and memorialized those lapses in letters to the debtor–is not present in this case. Also, the Peterson debtors began asking for the required documents less than a month after closing, instead of several years later. The testimony in the instant case involves the Keirans' nearly identical conclusory affidavits dated May 27, 2015, more than eight years after the 2006 closing. Courts have held that a borrower's own conclusory denial of receipt of the TILA disclosures, unaccompanied by details or other evidence supporting the denial such as was present in Peterson, is insufficient to rebut the presumption of delivery created by § 1635(c). E.g., Williams v. First Gov't Mortg. & Investors Corp., 225 F.3d 738, 751 (D.C. Cir. 2000);[4] see also McCarthy v. Option One Mortg. Corp., 362 F.3d 1008, 1011-12 (7th Cir. 2004) (holding in the non-TILA context that evidence of regular office procedures gave rise to a presumption of delivery that could not be rebutted by a mere denial of receipt). Although Stutzka held to the contrary, it, like Peterson, involved extraordinary facts, and more importantly included the district court's specific factual finding that the plaintiff "was not given her copies of the closing documents." 420 F.3d at 762. Nor do we think that Cappuccio can be read to stand for the proposition that any manner of affidavit can rebut the § 1635(c) presumption and defeat a motion for summary judgment. Finally, it is black letter summary judgment law that a conclusory, self-serving affidavit will not defeat an otherwise meritorious summary judgment motion. Chavero-Linares v. Smith, 782 F.3d 1038, 1041 (8th Cir. 2015). The Keirans have not demonstrated a genuine issue

---

[4]Although the denial of receipt in Williams was made during trial testimony rather than on a summary judgment record, the District of Columbia Court of Appeals nonetheless held that the plaintiff did not meet his burden of rebutting the presumption. 225 F.3d at 751.

of material fact regarding whether they received only one notice.[5]  Accordingly, the three-day rescission window of § 1635(a) bars the Keirans' request for rescission.

## B.      Accuracy of Disclosure Statements

The Keirans next argue that they are entitled to rescission because certain finance charges included in the disclosure statements were materially inaccurate. A finance charge is treated as accurate if "the amount disclosed as the finance charge does not vary from the actual finance charge by more than an amount equal to one-half of one percent of the total amount of credit extended."  Beukes v. GMAC Mortg., LLC, 786 F.3d 649, 652 (8th Cir. 2015) (quoting 15 U.S.C. § 1605(f)(2)(A)); see also 12 C.F.R. § 1026.23(g)(1) (describing that amounts within one-half of one percent of the accurate amount shall be considered accurate).  The Keirans were extended $404,000 in credit, and they are thus entitled to rescission if the finance charges included in the disclosure statement varied by more than $2,020 from what they should have been.  The bank, however, argues that the Keirans raise this issue for the first time in this appeal, that accuracy of the statements was previously decided in the bank's favor, and therefore that the law-of-the-case and waiver doctrines preclude this argument.  The Keirans did not raise any specific objections to the accuracy of the disclosure statement during the first summary judgment proceedings before the district court or this court.  When the district court noted that the statements were accurate in the first round of proceedings, the Keirans did not

---

[5]We further reject the Keirans' argument that the bank is judicially estopped from arguing that the signed acknowledgment creates the rebuttable presumption that they both received the required statements.  The Keirans assert that this is so because in earlier stages of this litigation, the bank argued that even if the Keirans had received only one copy, this would have been legally sufficient.  We find that the elements of judicial estoppel are not met based upon the bank's prior litigation arguments.  See New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001) (setting forth the elements of judicial estoppel).  Having adjudicated both cases, we find that the bank has not taken inconsistent positions about its TILA obligations.

challenge that finding on appeal. We agree that this particular finding is the law of the case, and further that the Keirans' allegations are waived. United States v. Kress, 58 F.3d 370, 373 (8th Cir. 1995) ("Where a party could have raised an issue in a prior appeal but did not, a court later hearing the same case need not consider the matter.").

However, even if the argument was not waived, the Keirans cannot prevail on this point. The Keirans allege the following errors on the statement: they claim a hazard insurance premium charge listed as $1,955 should have been for only $1,205; they also challenge various fees charged by the original lender. They allege these amounts added together total $2,172.40. However, the insurance premium total should be subtracted from that amount because insurance premiums are not one of the charges expressly included in the statute, 15 U.S.C. § 1605(c) (stating that premiums for property damage insurance may be excluded from the total finance charge if the borrower is notified he may obtain insurance of his or her choice). In this case, it is undisputed that the Keirans were so advised about their rights to obtain insurance. Plus, the alleged error is actually a larger and not smaller charge, and is therefore not a violation. See 12 C.F.R. § 1026.23(g)(1)(ii) (explaining that an inaccuracy is tolerated if the inaccuracy is "greater than the amount required to be disclosed"). Without this amount, the total falls well below the $2,020 threshold.[6] Accordingly this argument in favor of a TILA violation, were it not waived or already decided in favor of the bank, is without merit.

## C.    Response to the Notice of Rescission

Finally, the Keirans argue that the bank's security interest is void because the bank failed to adequately and timely respond to their notice of rescission in October

---

[6]We also reject the Keirans' argument that an accuracy threshold of $35 applies as set forth in 15 U.S.C. § 1635(i)(2), for the same reason as the district court. See 8th Cir. R. 47B.

-9-

2009. When a borrower exercises a right to rescind, the lender must return to the borrower "any money or property given" within twenty days. 15 U.S.C. § 1635(b). The Keirans argue that because the bank did not adequately respond to their notice within twenty days, the rescission took effect twenty days from bank's receipt of the notice. The district court found that because the Keirans did not show that the bank violated the TILA at closing, the Keirans' right to rescind did not extend beyond the three-day period under § 1635(a). The efficacy of this claim completely depends on whether there was a TILA disclosure violation. As discussed above, there was not. Because the Keirans had no more than the three-day window to rescind and the window closed in early 2007, this claim is without merit.

## III. CONCLUSION

We affirm the district court's grant of summary judgment in favor of the bank.

_____