# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2863
_____

Christa L. Peterson

*Plaintiff - Appellant*

v.

Experian Information Solutions

*Defendant - Appellee*

Equifax Information Services

*Defendant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: May 10, 2022
Filed: August 16, 2022

_____

Before ERICKSON, MELLOY, and KOBES, Circuit Judges.

_____

ERICKSON, Circuit Judge.

Christa Peterson initiated this action against Experian Information Solutions ("Experian"), alleging a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681

et seq. ("FCRA"). The district court[1] found that Peterson failed to produce sufficient evidence to create a jury question on damages. We affirm.

## I. BACKGROUND

Peterson filed a Chapter 7 petition in bankruptcy on March 25, 2019. Her bankruptcy schedules listed a Southpoint Federal Credit Union credit card ending in *3776 as an unsecured nonpriority claim of $2,349. The bankruptcy court entered a discharge order a little over three months later.

On August 30, 2019, Peterson obtained a credit report from Experian. Though the report correctly noted that Peterson had received a discharge, Experian still listed the *3776 account with an outstanding balance of $2,481. The report also indicated that the account was 90 days late and "[o]pen[] $214 past due as of Jul[y] 2019." By October 2019, Experian had updated the account to accurately reflect as discharged in bankruptcy with a zero balance.

In February 2020, Peterson sued Experian for purportedly violating 15 U.S.C. § 1681e(b) by neglecting to "maintain reasonable procedures to ensure debts that are derogatory prior to a consumer's bankruptcy filing do not continue to report balances owing or past due amounts when those debts are almost certainly discharged in bankruptcy." Peterson sought damages resulting from credit denials, a lower credit rating, and emotional distress. Experian moved for summary judgment, defending its procedures as reasonable and asserting Peterson lacked proof of actual damages.[2] The district court granted the motion on the damages issue and dismissed the claim.

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

[2]Another defendant, Equifax Information Services, settled with Peterson prior to summary judgment.

## II.    DISCUSSION

Peterson contends that a genuine dispute of material fact exists on damages because she provided evidence of financial and emotional harm.  To maintain a claim for negligent violation of the FCRA, a plaintiff must offer proof of "actual damages sustained by the consumer as a result of the failure."  15 U.S.C. § 1681*o*(a)(1).[3]  We review the district court's grant of summary judgment *de novo*, viewing the evidence and drawing all reasonable inferences in favor of the nonmoving party.  Starkey v. Amber Enters., Inc., 987 F.3d 758, 763 (8th Cir. 2021).  We will affirm when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

### A.    Financial Harm

Peterson argues that she sustained financial injury based on the denial of her application for a Chase Bank credit card after a hard inquiry on her Experian report.  Her deposition testimony refutes this claim.  In her deposition, Peterson placed the entire fault for the credit denial on the bankruptcy itself, not the mistaken information in her credit report.  Peterson later submitted a declaration in opposition to summary judgment in which she claimed Experian's incorrect reporting of the *3776 account contributed to Chase's denial decision.  But the declaration "directly contradicted" her "previous deposition testimony," making it "insufficient to create a genuine issue of material fact under Rule 56."  City of St. Joseph v. Sw. Bell Tel., 439 F.3d 468, 475 (8th Cir. 2006).  This is not a situation where the declaration simply cleared up confusion or vague statements made during a deposition.  See id. at 476.  Peterson first testified that only the bankruptcy caused the denial, then made a written statement blaming Experian's erroneous report.  We decline to credit the

---

[3]The statutory language defeats Peterson's claim that the mere dissemination of inaccurate information to a third party in a credit report is enough to raise a triable damages question.  See Losch v. Nationstar Mortg. LLC, 995 F.3d 937, 943-44 (11th Cir. 2021) (distinguishing between standing to sue under 15 U.S.C. § 1681e(b) and evidence of damages on the merits).

contradictory declaration. See Camfield Tires, Inc. v. Michelin Tire Corp., 719 F.2d 1361, 1365 (8th Cir. 1983) ("If testimony under oath . . . can be abandoned many months later by the filing of an affidavit, probably no cases would be appropriate for summary judgment.").

The record bolsters the conclusion that the bankruptcy drove Chase's decision to deny Peterson's credit card application. A second Experian credit report retrieved in March 2020 evinces that Peterson applied for another credit card from Chase after the inaccurate information had been removed. Once again, Chase declined her application. Cf. Hauser v. Equifax, Inc., 602 F.2d 811, 816 (8th Cir. 1979) (finding no evidence of damages where an insurer refused to continue plaintiff's disability payments even after receiving information correcting a credit report error). To the extent Peterson alleges injury solely from diminution in her credit score, that type of abstract harm does not support actual damages. See Smith v. Santander Consumer USA, Inc., 703 F.3d 316, 317 (5th Cir. 2012) (per curiam) (observing that any "real damage from an erroneously reduced credit rating . . . occurs if the consumer's cost of actual borrowing increases or if he is refused credit altogether"). Peterson's assertion of financial harm is insufficient to create a jury question on damages.

## B.    Emotional Distress

Peterson also insists that Experian's inaccurate reporting caused her emotional distress by worsening her anxiety, depression, stress, and sleeplessness. For FCRA claims, "[m]ental pain and anxiety can constitute actual damages." Taylor v. Tenant Tracker, Inc., 710 F.3d 824, 828 (8th Cir. 2013); see Millstone v. O'Hanlon Reps., Inc., 528 F.2d 829, 834-35 (8th Cir. 1976). "[E]motional distress damages must be supported by competent evidence of 'genuine injury,' which 'may be evidenced by one's conduct and observed by others.'" Taylor, 710 F.3d at 828 (quoting Carey v. Piphus, 435 U.S. 247, 264 n.20 (1978)). A plaintiff may establish emotional distress damages through her own testimony. Id. at 829.

As a preliminary matter, we cannot consider Peterson's testimony that she met with a counselor to discuss the incident with Experian and was prescribed increased doses of anxiety and depression medication. Peterson conceded when responding to requests for admission that she had "not met with, or been examined by, any medical professional to treat or diagnose any condition caused by the events that form the basis of this litigation." The Federal Rules of Civil Procedure require an admission to be regarded as "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). And where, as here, "a party has made no filing that could be construed as a motion to withdraw or amend an admission," we must "give the admission conclusive effect." Stine Seed Co. v. A & W Agribusiness, LLC, 862 F.3d 1094, 1102 (8th Cir. 2017).

What evidence is left over fails to raise "the kind of severe emotional distress that warrant[s]" damages. Forshee v. Waterloo Indus., Inc., 178 F.3d 527, 531 (8th Cir. 1999). In Taylor, for instance, we held that a plaintiff failed to present adequate evidence of emotional distress by stating she "was very upset" and "extremely upset and embarrassed" after a housing authority briefly reviewed inaccurate information in her credit report but took no adverse action against her. 710 F.3d at 829. Similarly here, Peterson received a credit report with a single inaccurate account in late August 2019. Experian corrected the error by early October 2019. A credit card company, Chase, looked at the erroneous report but—as Peterson herself admitted—denied her application because of bankruptcy. In the days between Peterson viewing the report and Experian mending the error, she did nothing to dispute the outstanding balance.

Like in other decisions where we have denied damages for emotional distress, the record reveals that Peterson "suffered no physical injury, she was not medically treated for any psychological or emotional injury, and no other witness corroborated any outward manifestation of emotional distress." Forshee, 178 F.3d at 531; Taylor, 710 F.3d at 829. Peterson's declaration and interrogatory responses, which variously characterize her exacerbated mental health problems as "extreme," "incredible," and "immense," amount to self-serving and conclusory statements incapable of surviving summary judgment. See Keiran v. Home Cap., Inc., 858 F.3d 1127, 1132 (8th Cir.

2017); <u>McKenny v. United States</u>, 973 F.3d 1291, 1303 (11th Cir. 2020) (noting that "a sworn interrogatory response is treated like an affidavit on summary judgment"). Peterson fleetingly testified that her Experian report was a "major part of my—my anxiety went through the roof. . . . And I just became super depressed." Still, when asked whether those conditions were "related to your credit report or is it just related to . . . making good financial choices," Peterson responded, "It's—it's all of it." To avoid summary judgment, "a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986). In these circumstances, a reasonable jury would not award emotional distress damages.

## III.  CONCLUSION

Because Peterson failed to create a genuine fact dispute on damages, Experian is entitled to judgment as a matter of law. We affirm the district court's judgment.

_____