# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-3143

_____

Zach Hillesheim

*Plaintiff - Appellant*

v.

Holiday Stationstores, Inc.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: June 12, 2018
Filed: August 17, 2018

_____

Before WOLLMAN, ARNOLD, and STRAS, Circuit Judges.

_____

STRAS, Circuit Judge.

Zach Hillesheim alleges that Holiday Stationstores discriminated against him by failing to have an accessible parking lot at one of its stores. Hillesheim's complaint identifies three alleged problems with the parking lot, each giving rise to a separate claim. For two of the three claims, Hillesheim suffered no injury, so we vacate the district court's decision and instruct the court on remand to return them to

state court. We remand the third claim, even though Hillesheim has standing to assert it, to allow the district court to consider whether to send it back to state court with the others.

## I.

Hillesheim is paralyzed from the waist down and uses a wheelchair for mobility. When Hillesheim visited a Holiday store in Mankato, Minnesota, he observed that the store's two handicap-accessible parking spaces were not marked with vertical sign posts. One of the spaces also lacked an adjacent access aisle, which provides extra room for individuals with disabilities to move in and out of their vehicles. Also present was a garbage can near the top of the curb ramp leading into the store. Hillesheim claims that he could not have safely navigated the ramp in his wheelchair, so instead of risking injury, he decided not to enter the store. These three alleged defects are at the heart of this lawsuit.

Holiday inspected the parking lot and fixed the alleged defects. It removed the handicap-accessible space lacking an access aisle because it determined that the Americans with Disabilities Act ("ADA") only required it to have one space, not two, given the size of the parking lot. It also placed an ADA-compliant vertical sign above the remaining space and removed the garbage can from the curb ramp out of an "abundance of care."

Before Holiday made these changes, however, Hillesheim filed a lawsuit in state court, alleging violations of the ADA and the Minnesota Human Rights Act ("MHRA"). Holiday removed the case to federal court. *See* 28 U.S.C. §§ 1331, 1367, 1441(a). After the close of discovery, Holiday filed a motion for summary judgment in which it asked the district court to dismiss the case for lack of subject-matter jurisdiction. Hillesheim conceded that Holiday's remedial measures, completed after Holiday removed the case to federal court, had mooted his ADA

claims. He did not budge on his MHRA claims, however, arguing that he had standing to assert them because the lack of access to the store had injured him. But he nonetheless urged the district court to return the MHRA claims to state court because no federal claims remained.

The district court granted Holiday's motion for summary judgment. In addition to dismissing Hillesheim's ADA claims, the court dismissed Hillesheim's MHRA claims with prejudice rather than remanding them to state court. On appeal, Hillesheim challenges the court's treatment of his MHRA claims.

## II.

We review de novo the district court's determination that Hillesheim lacked Article III standing. *Park v. Forest Serv. of the U.S.*, 205 F.3d 1034, 1036 (8th Cir. 2000). To pursue state-law claims in federal court, a party must prove that it has standing under Article III's case-or-controversy requirement. U.S. Const. art. III, § 2, cl. 1; *Hughes v. City of Cedar Rapids*, 840 F.3d 987, 993 (8th Cir. 2016).

To meet the "irreducible constitutional minimum" for Article III standing: (1) a plaintiff must have suffered an "injury in fact," (2) that is "fairly traceable to the challenged conduct," and (3) is "likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citation omitted). The parties dispute only the existence of the first requirement: whether Hillesheim suffered an injury-in-fact that is sufficiently concrete and particularized, not conjectural or hypothetical. *See id.* at 1547–48.

At summary judgment, Hillesheim had to do more than just rely on the allegations from his complaint, because "[a] party invoking federal jurisdiction must support each of the standing requirements with the same kind and degree of evidence at the successive stages of litigation as any other matter." *Constitution Party of S.D.*

*v. Nelson*, 639 F.3d 417, 420 (8th Cir. 2011). Hillesheim accordingly had to offer evidence in response to Holiday's summary-judgment motion establishing that each of the alleged parking lot defects had injured him. *Id.* at 421. The central question in this case is whether he did so.

Hillesheim's evidence was thin. On the access-aisle and vertical-signage claims, his declaration did little more than describe the alleged violations, other than stating that he was deterred from visiting the store in the future.[1] It did not explain how the lack of an access aisle or insufficient vertical signage injured him. It made no mention, for example, of whether he had difficulty identifying which spots were handicap accessible or even whether the alleged defects caused him to leave without entering the store. Alleging bare violations of the ADA without evidence of an actual injury is insufficient to establish Article III standing. *See Braitberg v. Charter Commc'ns, Inc.*, 836 F.3d 925, 929–30 (8th Cir. 2016).

The district court drew the wrong conclusion, however, when it dismissed both claims with prejudice. If it turns out after removal that a plaintiff lacks standing to bring a claim in federal court, as happened here, then a district court must remand the claim to state court. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Hughes*, 840 F.3d at 993; *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1033 (8th Cir. 2014). We accordingly vacate the district court's judgment dismissing these two claims and instruct the court on remand to return them to state court.

---

[1] Under *Davis v. Anthony, Inc.*, 886 F.3d 674, 678 (8th Cir. 2018), we do not recognize the theory that being deterred from visiting a place of public accommodation in the future rises to the level of an injury-in-fact.

Hillesheim's garbage-can claim is a different story. In contrast to the other claims, Hillesheim's declaration connected the placement of the garbage can to his decision to leave. It stated that he could not safely navigate the ramp without risking injury because the garbage can blocked his path of travel and trying to maneuver around it could have caused his wheelchair to tip over. By offering specific evidence that the allegedly dangerous circumstances caused him not to enter the store, Hillesheim did enough to establish an injury-in-fact. He was not required, as Holiday suggests, to have a go of it to establish Article III standing. *See Disability Support All. v. Heartwood Enters., LLC*, 885 F.3d 543, 546–47 (8th Cir. 2018); *Steger v. Franco, Inc.*, 228 F.3d 889, 893 (8th Cir. 2000).

In reaching a contrary conclusion, the district court made two errors. First, by faulting Hillesheim for failing to provide sufficient detail about the width and slope of the ramp, the court confused the standing inquiry with the merits. To establish Article III standing, all that Hillesheim was required to show was that he suffered an injury, not that the placement of the garbage can violated the MHRA. *See Red River Freethinkers v. City of Fargo*, 679 F.3d 1015, 1023 (8th Cir. 2012) ("The standing inquiry is not . . . an assessment of the merits of a plaintiff's claim.").

Second, the district court erred in treating a photograph that Hillesheim submitted along with his declaration as definitive proof that he had plenty of room to maneuver around the garbage can. To be sure, there are rare instances in which overwhelming photographic or video evidence may point to the absence of a genuine issue of material fact at summary judgment. *See Scott v. Harris*, 550 U.S. 372, 379–80 (2007). But this is not one of them. Hillesheim made clear in his declaration that the placement of the garbage can left only a narrow and dangerously sloped path up the ramp, and the photograph does not disprove his claim. In fact, it does not show how much space remained on each side of the garbage can or the slope of the incline that a person in a wheelchair would have faced to reach the top. Put simply,

-5-

the court's evaluation of the photograph fails to draw all inferences from the evidence in the light most favorable to Hillesheim.

One loose end remains. Now that we have concluded that the district court erred when it dismissed the garbage-can claim for lack of subject-matter jurisdiction, the question is what to do with it. Under 28 U.S.C. § 1367(c), when a "district court has dismissed all claims over which it has original jurisdiction," it may decline to exercise supplemental jurisdiction over any remaining claims.

The landscape has changed since the district court first exercised its discretion under the supplemental-jurisdiction statute. Now only one claim remains. When it granted summary judgment, the court dismissed Hillesheim's ADA claims. We have now instructed the district court to return two of Hillesheim's state-law claims to state court. The district court is entitled to determine on remand whether it still wishes to exercise its discretion in the same way. *See generally Brown v. Mortg. Elec. Registration Sys., Inc.*, 738 F.3d 926, 933 (8th Cir. 2013).

III.

We vacate the district court's judgment with instructions to remand Hillesheim's access-aisle and vertical-signage claims to state court and to consider whether to exercise supplemental jurisdiction over the remaining claim.

_____