# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3007

_____

Aaron Dalton

*Plaintiff - Appellant*

v.

JJSC Properties, LLC

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: April 14, 2020
Filed: August 3, 2020
[Published]

_____

Before KELLY, WOLLMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

Aaron Dalton sued JJSC Properties, LLC, for discrimination under the Americans with Disabilities Act (ADA), alleging that it denied him full and equal access to one of its service and gas stations. JJSC removed the case to federal court, and the district court dismissed the case without prejudice for lack of subject-matter

jurisdiction. We agree that the district court lacked subject-matter jurisdiction but conclude the case should be remanded to state court.

## I.

Dalton has cerebral palsy and uses a wheelchair and a van with a wheelchair lift for mobility. On January 16, 2019, Dalton and a friend became lost while driving in St. Paul looking for a restaurant. They decided to stop at the Grand Wheeler Sinclair (the Station), a service and gas station with no convenience store, to look at Google Maps. Dalton later testified that the only reason he stopped at the Station was to look at Google Maps. Neither Dalton nor his friend got out of the van. Dalton noticed there were no signs for an accessible parking space, and because there was snow on the ground, he did not see any painted lines marking an accessible parking space. Before leaving, he and his friend took some photographs of the Station from inside their van.

Dalton then sued JJSC, the owner of the Station, in state court, alleging that it had discriminated against him under the ADA by denying him full and equal access to a place of public accommodation. See 42 U.S.C. § 12182(a). He specifically alleged that the Station lacked an accessible parking space, a reserved van parking space, and signs demarcating an accessible parking space. Dalton also alleged that the Station did not generally comply with ADA Accessibility Guidelines § 502, which discusses requirements for slopes, access aisles, and other subjects. Dalton sought declaratory and injunctive relief against JJSC.

JJSC removed the case to federal court and hired an accessibility expert, Julee Quarve-Peterson, to evaluate and recommend modifications to remedy the alleged ADA violations. Based on Quarve-Peterson's recommendations, JJSC designated an accessible parking space with white paint, provided a striped adjacent access aisle, and placed "van accessible" signage in the designated spot. JJSC moved to dismiss on the grounds of mootness and lack of standing. To support its motion, JJSC submitted

-2-

photographs documenting the modifications, and schematic drawings showing the measurements of the modifications.

The district court granted JJSC's motion to dismiss. The court determined that it lacked subject-matter jurisdiction over Dalton's complaint and dismissed it without prejudice. First, the court decided that Dalton lacked standing to challenge "the accessibility of Defendant's slopes and accessible routes" (the Slopes and Routes claim) because he "never encountered them—and had no intention of even exiting his vehicle on January 16." Second, the district court concluded that Dalton's claim concerning "the lack of a demarcated accessible parking spot, van spot, access aisle, and signage are moot" (the Accessible Parking claim) because JJSC had adequately remedied those violations and "the offending conduct is not reasonably likely to recur." Dalton appeals.[1]

## II.

We review de novo a district court's dismissal for lack of jurisdiction. See Wallace v. ConAgra Foods, Inc., 747 F.3d 1025, 1029 (8th Cir. 2014) (Article III standing is reviewed de novo); Charleston Hous. Auth. v. U.S. Dep't of Agric., 419 F.3d 729, 739 (8th Cir. 2005) (mootness is reviewed de novo). We accept as true all material allegations in the complaint and construe them in favor of the plaintiff. Steger v. Franco, Inc. 228 F.3d 889, 892 (8th Cir. 2000).

### A.

Dalton argues the district court erred by determining that he did not have standing because he did not suffer an injury in fact. He contends he suffered an injury

---

[1]Dalton also appeals the district court's denial of his summary judgment motion. Because we conclude the district court lacked subject-matter jurisdiction, we find no error in the denial of Dalton's summary judgment motion.

in fact when he was unable to find an accessible parking space at the Station on January 16 due to a lack of signage. He also alleges he suffered an injury from JJSC's failure to define the width of a parking space and its adjacent access aisles.

Article III, § 2 of the U.S. Constitution limits federal jurisdiction to cases and controversies. A plaintiff's standing to sue "is a threshold question in every federal case, determining the power of the court to entertain the suit." Warth v. Seldin, 422 U.S. 490, 498 (1975). Article III standing requires (1) an "injury in fact," (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992).

An injury in fact is a "concrete and particularized" harm that is "actual or imminent, not conjectural or hypothetical." Id. at 560. A plaintiff must show that he "sustained or is immediately in danger of sustaining some direct injury as the result of the challenged . . . conduct and that the injury or threat of injury must be both real and immediate." City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983) (cleaned up). Although a plaintiff need not engage in the "futile gesture" of visiting a building containing known barriers that the owner has no intention of remedying, they must "at least prove knowledge of the barriers and that they would visit the building in the imminent future but for those barriers." Steger, 228 F.3d at 892.

The district court determined that Dalton lacked standing to bring the Slopes and Routes claim—not, as Dalton contends, that he lacked standing to bring the Accessible Parking claim. Dalton undisputedly did not encounter the Station's slopes or accessible routes on January 16; nor did he patronize or attempt to patronize the Station, because he had no intention of leaving his van. See Steger, 228 F.3d at 893 (holding that four plaintiffs lacked standing because, at the time the lawsuit was filed, they had not patronized, or even tried to patronize, the business). Dalton testified that the only reason he visited the Station was to look at Google Maps; he had no intention

-4-

of getting gas or service at the Station. Dalton also does not allege or provide any evidence showing that he intends to patronize the Station in the imminent future.[2] And although Dalton contends that, based on his visual observation, he knew the parking lot had "a bit of a slope," he concedes he did not observe any potential hazards related to slope. As we have said before, "mere knowledge of barriers does not create standing." Dalton v. NPC Int'l, Inc., 932 F.3d 693, 695 (8th Cir. 2019). Without more, Dalton lacks standing to bring an ADA claim based on the accessibility of the Station's slopes and accessible routes.

B.

As to the Accessible Parking claim, the district court found the alleged violations to be moot. Dalton argues this was in error, contending that it was improper for the court to rely on evidence submitted after JJSC moved to dismiss because, at the time JJSC moved to dismiss, it had not yet modified the parking lot.

A federal court lacks subject-matter jurisdiction if a claim becomes moot. Brazil v. Ark. Dep't of Human Servs., 892 F.3d 957, 959 (8th Cir. 2018) ("When the issues presented are no longer live or the parties lack a cognizable interest in the outcome, a case or controversy under Article III no longer exists because the litigation has become moot." (cleaned up)). A claim is moot when "changed circumstances already provide the requested relief and eliminate the need for court action." McCarthy v. Ozark Sch. Dist., 359 F.3d 1029, 1035 (8th Cir. 2004). A defendant claiming that its voluntary compliance moots a case bears "the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur."

---

[2]At best, Dalton alleged that he "plans to visit 'Grand Wheeler Sinclair' in the near future." But just as his January 16 visit is insufficient to establish standing without a corresponding intent to patronize the establishment, so too is any alleged future visit without such an intention.

Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 190 (2000).

The district court properly concluded that Dalton's Accessible Parking claim is moot.[3] JJSC submitted photographs, schematics, and affidavits showing that it had remedied Dalton's concerns about the lack of a demarcated accessible parking spot, van spot, access aisle, and proper signage for the designated spot. Because JJSC made a factual attack challenging subject-matter jurisdiction—that is, it challenged subject-matter jurisdiction based on the underlying facts of Dalton's complaint, as opposed to a facial attack on the pleadings—the district court properly considered JJSC's evidence beyond the pleadings. See Davis v. Anthony, Inc, 886 F.3d 674, 679 (explaining that "when the defendant challenges the veracity of the facts underpinning subject matter jurisdiction," the court may "consider[] matters outside the pleadings" (cleaned up)).

## III.

The district court correctly concluded that it lacked subject-matter jurisdiction because Dalton lacked standing to bring his Slopes and Routes claim and because his Accessible Parking claim was moot. However, when a federal court lacks subject-matter jurisdiction over a removed case, it "must remand it to state court even if, as is true here, the removed claim is one arising under federal, not state, law." Hillesheim v. Holiday Stationstores, Inc., 903 F.3d 786, 791 (8th Cir. 2018) (cleaned up). Accordingly, we vacate the district court's judgment dismissing Dalton's complaint and instruct the court to remand this case to state court.

_____

_____

[3]To the extent Dalton argues that the Slopes and Routes claim is not moot, his argument is misplaced. Whether JJSC remedied any alleged shortcomings regarding the Slopes and Routes claim is irrelevant because, as discussed, Dalton lacks standing to bring this claim.