# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-3518

_____

Scott Smith

*Plaintiff - Appellant*

v.

Golden China of Red Wing, Inc.; Vu Thu Lam

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: November 17, 2020
Resubmitted: December 18, 2020
Filed: February 17, 2021

_____

Before SHEPHERD, STRAS, and KOBES, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Scott Smith appeals the district court's grant of summary judgment to Golden China of Red Wing, Inc., and Vu Thu Lam (collectively, Golden China) on Smith's Americans with Disabilities Act (ADA) claim, brought pursuant to 42 U.S.C. § 12181 et seq. Because we conclude that Smith lacks standing to bring this claim, we vacate and remand with instructions to dismiss without prejudice.

Smith has arthrogryposis, a rare congenital joint disease, and uses a wheelchair for mobility. On May 25, 2017, Peter Hansmeier drove Smith over 50 miles from Smith's home in Burnsville, Minnesota, to Red Wing and Winona, Minnesota. The sole purpose of the trip was to "test" various business establishments to determine whether they were ADA compliant. One such establishment was Golden China, where Smith noted various deficiencies, including the lack of a fully compliant accessible parking space, signage posted too low to the ground, and an impermissibly sloped parking lot ramp. Smith observed all the deficiencies from inside Hansmeier's vehicle. On this trip, Smith never stopped to patronize any of the establishments he was testing, including Golden China.

As a result of this trip, Smith filed approximately 13 lawsuits against various Red Wing and Winona establishments through his counsel, Padraigin L. Browne.[1] In the present case, Smith brought claims against Golden China under the ADA and the Minnesota Human Rights Act (MHRA), Minn. Stat. § 363A.11. Golden China subsequently filed a motion to dismiss, arguing that Smith lacked standing because he did not encounter the alleged barriers, that Smith's claims were moot as it had remedied most of the alleged violations, and that Smith failed to adhere to the

---

[1] Browne, Smith, and Hansmeier are quite familiar with this Court and our jurisprudence on standing in the ADA context. Before this Court alone, Browne has appeared on at least 10 occasions, representing former members (Scott Smith, Aaron Dalton, Zach Hillesheim, and Melanie Davis) of the Disability Support Alliance, the former client of her husband. See, e.g., Smith v. Bradley Pizza, Inc., 821 F. App'x 656 (8th Cir. 2020) (per curiam); Dalton v. JJSC Props., LLC, 967 F.3d 909 (8th Cir. 2020) (per curiam); Dalton v. Simonson Station Stores, Inc., 830 F. App'x 486 (8th Cir. 2020) (per curiam); Dalton v. NPC Int'l, Inc., 932 F.3d 693 (8th Cir. 2019); Hillesheim v. O.J.'s Cafe, Inc., 968 F.3d 866 (8th Cir. 2020) (per curiam); Hillesheim v. Holiday Stationstores, Inc., 953 F.3d 1059 (8th Cir. 2020); Hillesheim v. Holiday Stationstores, Inc., 900 F.3d 1007 (8th Cir. 2018); Hillesheim v. Myron's Cards & Gifts, Inc., 897 F.3d 953 (8th Cir. 2018); Davis v. Morris-Walker, LTD, 922 F.3d 868 (8th Cir. 2019); Davis v. Anthony, Inc., 886 F.3d 674 (8th Cir. 2018).

MHRA's pre-suit notice requirements. The district court agreed in part, dismissing Smith's MHRA claim. It also found the remediated violations moot, which left only the alleged parking lot ramp violation at issue. The district court found that Smith had allegedly encountered barriers in Golden China's parking facility and therefore had standing to bring his claim for the remaining parking lot violation.

The parties then filed cross-motions for summary judgment. Golden China again argued that Smith lacked standing for the reasons stated above. It added that Smith did not intend to patronize Golden China on May 25, 2017, nor did he have any specific intent to return in the future. Golden China also argued that Smith could not show that the remediation of the parking lot ramp was "readily achievable" under 28 C.F.R. § 36.304 because the cost of improvement would likely put Golden China out of business. Smith alternatively argued that Golden China had to meet the higher threshold of "maximum extent feasible" under 28 C.F.R. § 36.402, which he asserts ignores the weighing of costs and benefits. The district court granted summary judgment in favor of Golden China. It found that Smith had standing based on his testimony that he visits Red Wing and has plans to return to Golden China should they remove the barriers. However, the district court found that the "readily achievable" standard applied and that Smith had failed to meet his burden under such standard based on the financial toll the improvement would take on Golden China.

Smith appealed the decision, and this Court heard oral argument on November 17, 2020. During argument, we inquired as to the impact of Smith v. Bradley Pizza, Inc., 821 F. App'x 656 (8th Cir. 2020) (per curiam), on Smith's present case. The parties acknowledged that Bradley Pizza involved Smith's ADA claim against a Domino's Pizza in Red Wing, another establishment Smith tested on May 25, 2017. The parties further noted that Bradley Pizza included the same deposition testimony and counsel. Because this Court found that Smith did not have standing in Bradley Pizza on practically the same facts, we ordered the parties to provide supplemental briefing on the issue.

II.

"Under Article III of the United States Constitution, federal courts may only adjudicate actual cases and controversies." Pucket v. Hot Springs Sch. Dist. No. 23-2, 526 F.3d 1151, 1157 (8th Cir. 2008). "The core component of the requirement that a litigant have standing to invoke the authority of a federal court is an essential and unchanging part of the case-or-controversy requirement of Article III." Id. (quoting DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 (2006)). Accordingly, "[s]tanding, although not raised by the parties on this appeal, is a 'jurisdictional prerequisite' and thus 'a threshold issue that we are obligated to scrutinize,' sua sponte if need be." Bernbeck v. Gale, 829 F.3d 643, 646 (8th Cir. 2016) (citation omitted). "We review a party's standing de novo." Id.

"Article III standing requires (1) an 'injury in fact,' (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." Dalton v. JJSC Props., LLC, 967 F.3d 909, 912 (8th Cir. 2020) (per curiam). A plaintiff must show that he has "suffered an injury-in-fact that is sufficiently concrete and particularized, not conjectural or hypothetical." Hillesheim v. Holiday Stationstores, Inc., 900 F.3d 1007, 1010 (8th Cir. 2018). Specifically, "[a] plaintiff must show that he 'sustained or is immediately in danger of sustaining some direct injury as the result of the challenged . . . conduct and that the injury or threat of injury must be both real and immediate.'" JJSC Props., LLC, 967 F.3d at 913 (second alteration in original) (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983)). In the ADA context, "plaintiffs need not engage in the 'futile gesture' of visiting a building containing known barriers that the owner has no intention of remedying, [but] they must at least prove knowledge of the barriers *and that they would visit the building in the imminent future but for those barriers*." Dalton v. NPC Int'l, Inc., 932 F.3d 693, 695 (8th Cir. 2019) (emphasis added) (citation omitted). "Intent to return to the place of injury 'some day' is insufficient." Steger v. Franco, Inc., 228 F.3d 889, 893 (8th Cir. 2000).

Smith unequivocally acknowledged in his deposition that his intent in visiting Red Wing on May 25, 2017, was not to patronize Golden China but rather to test various establishments for ADA violations. He had never been to Golden China, and his only return to the establishment was in June 2017 "to see the changes that had been made"; Smith generally made these follow-up trips at his attorney's direction. R. Doc. 91-1, at 13-14. On that occasion, Smith did nothing more than drive through Golden China's parking lot. Smith briefly mentioned that he would return to Golden China should it remove the alleged barriers or if his attorney instructed him to conduct an inspection. However, the rest of his deposition contradicts this assertion. Smith, who does not enjoy Chinese food, stated that if he were to go back, it would only be because he was in the area for "something else" and his friends or family wanted to go. R. Doc. 91-1, at 9, 16. However, Smith also stated that neither he nor his family had any specific plans to go back to Golden China or even Red Wing. And as to whether any of his friends or family had ever been or would ever want to patronize Golden China, Smith could not say. We find that Smith's amorphous level of intention to return to Golden China is, at most, "some day" aspiration, which is insufficient to establish an injury in fact. See JJSC Props., LLC, 967 F.3d at 913.

We recognize that Smith submitted a declaration after his deposition that largely refuted his previous testimony. However, "[a] party invoking federal jurisdiction must support each of the standing requirements with the same kind and degree of evidence at the successive stages of litigation as any other matter." Hillesheim, 900 F.3d at 1010 (alteration in original) (citation omitted). "[I]t is black letter summary judgment law that a conclusory, self-serving affidavit will not defeat an otherwise meritorious summary judgment motion." Keiran v. Home Cap., Inc., 858 F.3d 1127, 1132 (8th Cir. 2017). Even if we were to accept Smith's post hoc attempt to establish an injury in fact, we would still find that his declaration asserts nothing more than an uncertain intention to some day return to Golden China. Therefore, we conclude that Smith has not demonstrated that he has Article III standing to bring this ADA claim.

III.

Accordingly, because Smith lacks standing, we lack subject matter jurisdiction to adjudicate the present claim.  We vacate the district court's judgment in its entirety and remand with instructions to dismiss the case without prejudice.

_____