# United States Court of Appeals

## For the Eighth Circuit

_____

No. 21-3208

_____

Eric S. Clark

*Plaintiff - Appellant*

v.

Darryl Forte, in his official capacity as Jackson County Sheriff; Bridgette Shaffer, in her official capacity as Jackson County Health Director

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 17, 2022
Filed: March 3, 2022
[Unpublished]

_____

Before BENTON, KELLY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Kansas resident Eric Clark appeals following the district court's dismissal of his removed 42 U.S.C. § 1983 action. In this case, Clark challenged a public health order issued by Jackson County, Missouri officials requiring individuals to wear face coverings in certain public outdoor spaces. Clark sought injunctive and declaratory

relief. The district court concluded that the case was moot because the order had been amended and no longer included the outdoor masking requirements of which Clark complained.

We agree with the district court that the case is moot, given that Clark is no longer subject to the challenged requirements, and there is no reasonable expectation that he will be subject to the same requirements again. See Prowse v. Payne, 984 F.3d 700, 702 (8th Cir. 2021) (discussing mootness doctrine); Hawse v. Page, 7 F.4th 685, 692 (8th Cir. 2021) (challenge to public health order limiting size of gatherings was moot where challenged order was superseded and there was no reasonable expectation that county would reinstate challenged restriction). Further, Clark lacks standing to raise his challenge to a Missouri statute authorizing public health orders because he has not shown he is experiencing an ongoing injury, or an immediate threat of injury related to the statute. See Webb v. Smith, 936 F.3d 808, 814-15 (8th Cir. 2019) (discussing requirements for standing to obtain prospective relief). Thus, as the district court recognized, it lacked subject-matter jurisdiction over the case. See Sisney v. Kaemingk, 15 F.4th 1181, 1194 (8th Cir. 2021) (standing and mootness are jurisdictional issues).

Because this case was removed from state court, however, the proper disposition is to remand it to state court, rather than to dismiss it. See Dalton v. JJSC Props., LLC, 967 F.3d 909, 914 (8th Cir. 2020) (per curiam) (if subject-matter jurisdiction is lacking in removed case, federal court must remand it to state court). Accordingly, we vacate the judgment dismissing the case and instruct the district court to remand the case to state court.

_____