# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1021
_____

Carrie Anglim

*Plaintiff - Appellant*

v.

Sharp Medical Staffing, LLC

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 16, 2022
Filed: February 24, 2023
[Unpublished]

_____

Before BENTON, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Carrie Anglim alleged that after her employment at Sharp Medical Staffing, LLC ("Sharp Medical") ended, she asked Sharp Medical to enroll her in healthcare coverage under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), but Sharp Medical failed to do so. Anglim asserts that, on two different occasions, she placed a check in the mail to Sharp Medical for premium payments.

Sharp Medical disputes receiving the checks and notes that even though it never received any money from Anglim, it enrolled Anglim in COBRA coverage and paid for two months of coverage. When no further payments were made by Anglim, the coverage was terminated for non-payment. Anglim appeals the district court's[1] adverse summary judgment order. We affirm.

Anglim worked at Sharp Medical from January 2020 until March 18, 2020. In late March or early April 2020, before receiving notice of her rights under COBRA, Anglim told Sharp Medical that she wanted to enroll in COBRA coverage. Sharp Medical informed Anglim that to obtain the coverage, she needed to pay the premiums for six months in advance at a rate of $600 per month. Anglim alleged that shortly thereafter, she mailed a $3,600 check to Sharp Medical. The check was not cashed by Sharp Medical or returned to Anglim. When Anglim learned that her check had not been cashed and she was unable to get a response from Sharp Medical, Anglim contacted the Department of Labor ("DOL") for advice.

On July 2, 2020, the DOL forwarded to Anglim a COBRA notice addressed to Anglim dated March 31, 2020, which it received from Sharp Medical. After receiving the COBRA notice, Anglim then sent a second check for $1,800 to Sharp Medical along with her enrollment paperwork. Sharp Medical contends that while it never received the check or the paperwork, it enrolled Anglim in its COBRA group health plan, effective April 1, 2020, and paid Anglim's COBRA premiums through May 31, 2020. Sharp Medical's plan administrator sent Anglim a letter dated February 9, 2021, informing her that Sharp Medical enrolled Anglim in COBRA coverage and had paid the initial premium payment. The letter directed Anglim to begin making her premium payments. Anglim asserts she never received this letter.

While Anglim's COBRA coverage was suspended for non-payment of premiums, effective after May 31, 2020, Sharp Medical stated that if Anglim paid

---

[1]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

the outstanding monthly premiums, her COBRA coverage could be reinstated retroactively. Once reinstated, Anglim could resubmit any claims that were denied for failure to pay premiums.

Anglim brought this action, seeking damages for Sharp Medical's alleged failure to provide notice of COBRA eligibility under 29 U.S.C. § 1132 and for Sharp Medical's alleged failure to enroll her in its COBRA group health plan. The district court found that Anglim's first claim failed as a matter of law based on her admission in her complaint that she received notice in November 2020. It further found that Sharp Medical enrolled Anglim in COBRA coverage, and Anglim had not pointed to any cognizable damages arising from the suspension of her coverage.

"We review a grant of summary judgment *de novo*, applying the same standards as the district court." Frosty Treats, Inc. v. Sony Comput. Ent. Am., Inc., 426 F.3d 1001, 1003 (8th Cir. 2005) (citation omitted). We will affirm the district court's summary judgment decision, if the record, when viewed in the light most favorable to Anglim, demonstrates there are no genuine issues of material fact and Sharp Medical is entitled to judgment as a matter of law. See id.

Anglim's first argument that the district court improperly considered documents containing a "/s/" rather than a wet signature is without merit. See D. Neb. Civ. R. 11.1(a)(2). While she also takes issue with the district court's alleged *sua sponte* consideration of 29 U.S.C. § 1132(a)(3), the district court's consideration was not *sua sponte* since Anglim originally brought her action under 29 U.S.C. § 1132(a), which encompasses all its subsections, including 29 U.S.C. § 1132(a)(3).

As to the merits of her claims against Sharp Medical, Anglim seeks nine months of coverage for the two checks she mailed to Sharp Medical as well as the option to pay future premiums for future coverage up to April 2023. Anglim's request for future coverage is an overreach. See 29 U.S.C. §§ 1162-1163 (COBRA coverage generally expires eighteen months after an employee's employment ends and Anglim's employment ended in March 2020). Regarding the checks totaling

$5,400, there is no evidence that Sharp Medical ever cashed the checks Anglim purportedly mailed. Her contention that the district court made credibility determinations confuses self-serving allegations without evidentiary support with genuine issues of material fact resulting from conflicting evidence. "[I]t is black letter summary judgment law that a conclusory, self-serving affidavit will not defeat an otherwise meritorious summary judgment motion." Smith v. Golden China of Red Wing, Inc., 987 F.3d 1205, 1209 (8th Cir. 2021) (quoting Keiran v. Home Cap., Inc., 858 F.3d 1127, 1132 (8th Cir. 2017)).

After Sharp Medical denied receiving any payment from Anglim, Anglim produced no evidence regarding the checks beyond her self-serving statement that she sent checks to Sharp Medical, and they were not returned in the mail. Despite having control over the account and information related to it, Anglim has not identified the bank upon which the checks were drawn, the account number, the available balance at the time of the posting of the checks, the dates or numbers of the checks, the time or place of mailing, evidence that the checks were received by Sharp Medical, or proof of mailing in the form of a mail register or return receipt. In short, Anglim has not produced any evidence of payment of the premiums beyond asserting the checks were mailed. While in some cases a statement of a party in an affidavit is sufficient to create a triable issue of fact, we do not believe this is such a case. The absence of any information that might lend credibility to her allegation that payment was tendered is fatal. This is particularly true when Anglim alleges Sharp Medical refused to enroll her in COBRA coverage, but the record demonstrates that she was enrolled by Sharp Medical, two months of premiums were advanced by Sharp Medical, and coverage was ultimately cancelled for non-payment. The record, when taken as a whole, could not lead a rational trier of fact to find in Anglim's favor.

Anglim's action faces other fatal hurdles, such as the lack of recoverable damages arising from her claims. Anglim failed to allege that she sought medical treatment during the time COBRA coverage could have been extended, that she has any unreimbursed medical bills, or that she has suffered an injury that has been

aggravated or rendered untreatable by the lack of coverage. Anglim has not alleged any damages that could be recovered under 29 U.S.C. § 1132(a)(1)(B) or any other violation that would render equitable relief appropriate under § 1132(a)(3) of the statute.

Finally, Anglim argues the district court erred because it wrongly concluded she was eligible for retroactive COBRA coverage at the time it issued its decision. Even if the district court erred in this regard, Anglim does not claim that she incurred any medical expenses that retroactive coverage could reimburse. Although Anglim alleges that she has current medical issues that need to be addressed, she has not alleged that they have been rendered untreatable or permanent by the failure to obtain treatment while COBRA coverage might have been available. Any error on the part of the district court does not preclude a proper grant of summary judgment in favor of Sharp Medical.

We affirm the judgment of the district court.

_____